## JOHN KADERABEK v. BARBARA KADERABEK.

1. COMMITMENT FOR REFUSAL TO PAY ALIMONY PENDENTE LITE.

An order to pay alimony pendente lite is not within the clause of the constitution forbidding imprisonment for debt except in case of fraud. Article 1, sec. 15.

2. RESISTING ORDER TO PAY WHEN COULD COMPLY.

Where it appears that the defendant ordered to pay alimony *pendente lite* had, since the order was made, been in good health, and earning money, so that he might

easily have complied with the order of the court, and when summoned before the court on motion to commit, still resisted the order to pay, it was not error to order him to pay at once, or be committed to jail for five days.

ERROR to the Court of Common Pleas of Cuyahoga county.

BALDWIN, J.

This is a petition in error to reverse an order of the court of common pleas to commit plaintiff in error to. prison for five days for contempt in not paying the twenty-five dollars alimony *pendente lite*, to the defendant in error, in a suit brought by her in that court for divorce and alimony against him. In that suit she made application for alimony pending suit, of which he had proper notice. He did not attend, however. On hearing, she got an order for twenty-five dollars. He paid no attention to the order, and some months after was called upon to show cause why he should not be committed for contempt, and the hearing resulted in the order before mentioned.

It is said, first, that the order to commit was improper, because it is imprisonment for debt, and forbidden by the constitution of the state. Article 1, sec. 15.

"No person shall be imprisoned for debt in any civil action on mesne or final process unless in case of fraud."

Although there had been some question whether or not this section would allow imprisonment for refusing to· pay alimony *pendente lite*, the authorities are quite full upon the subject.

Mr. Bishop, in his work on Marriage and Divorce, vol. 2, sec. 428a, says, "Though the husband's liability to pay alimony is distinctly recognized in the law, and is enforcible against him and his property, it is not a debt."

Stewart on Marriage and Divorce says, sec. 378: "If, being able to pay, he refuses, or, by assigning his property, he intentionally destroys his ability to pay, this is a contempt of court and he may be imprisoned by a court of chancery. This is not imprisonment for debt."

Rapalje on Contempts, sec. 36, also asserts the power to commit, adding "such sum not being a debt within the provision of the constitution securing against imprisonment for debt except in case of fraud." These books cite an abundance of authorities from other states so easily accessible that we do not think it necessary to cite or discuss them.

The view taken is, that a judgment is not necessarily to be treated as a debt in view of this clause of the constitution, but that the origin and character of the claim is to be considered—if the claim was for debt the clause applies. . We think the same rule has been sufficiently maintained by our own supreme court in analogous cases. In Musser v. Stewart, 21 O. S., 353, it was held that an order in a bastardy suit charging the father with the maintenance of his illegitimate child, was not a debt within this clause of the constituti n. The court say: "This is not a suit to recover a sum of money owing from the defendant to the complaining party."

The plaintiff in error cites to us two cases in our supreme court which we think, however, clearly recognize the same principle.

In The Union Bank of Rochester v. The Union Bank of Sandusky, 6 O. S., 254, it was undertaken in proceeding in aid of execution to enforce by imprisonment an order on the debtor of the judgment debtor to pay the judgment creditor. The indebtedness was that of a bank to a depositor, and the supreme court said this clause of the statute applied because it was an order to pay a debt.

In White v. Green, 42 O. S., 109, the court ordered the third party to deliver over property of the judgment debtor in his possession—and the court said this clause did not apply, "for it is directed against imprisonment for debt, and neither party claimed during the examination in the probate court that the money in Mrs. White's hand was debt due from her to her husband."

It is further claimed that admitting the power to imprison, that the case was not a proper one for its exercise.

The defendant appeared on the application to commit him for contempt, was by affidavits seeking to impeach the character of his wife, the merits of her case and the propriety of the order to pay. He made no application to set aside the order to pay alimony, and these affidavits were quite out of place, while the order to pay stood on the journal with no attempt even to set it aside.

The discretionary rules under which a court can properly commit are stated in the section already cited from Rapalje on Contempts, sec. 36.

In the case at bar the defendant had been in good health; he had no children; he had for months between the order to pay and the order to commit earned $30 per month; had furnished moneys to his parents who had means and did not need it; he had signified his intention not to comply with the order to pay the alimony, and set forth that he paid board at the rate of $8 per week.

A more reasonable rate of board would have enabled him in but a small part of the time that had elapsed to pay the $25, and we think the court did wisely in its order to commit.

The judgment of the court of common pleas is affirmed.

L. A. Willson, for plaintiff in error.

W. A. Babcock and J. M. Nowak, for defendant in error.